**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

VALERI METCHURTCHLISHVILI,      )
            )
         Petitioner        )
            )
       v.              )       Case No. 6:26-cv-03261-MBB
            )
JIM C. ARNOTT, et al.,          )
            )
         Respondents.     )

## <u>ORDER</u>

Valeri Metchurtchlishvili filed a petition for a writ of habeas corpus under 28 U.S.C. §

2241. (**Doc. 1**). His sole claim is that his immigration-related detention under 8 U.S.C. §

1225(b)(2)(A) violates procedural due process. (***Id.***). The petition is DENIED.

## **Background**

Petitioner is a citizen of Georgia. (**Doc. 1**, p. 3). He first entered the United States in 2016.

(***Id.*** at p. 4). He married a United States citizen. (***Id.***). Petitioner has filed various applications

seeking lawful immigration status, including I-130, I-485, I-765, I-131, and I-360. (***Id.***). He

obtained employment authorization to work as a truck driver in the United States. (***Id.***). He was

also granted advance parole to leave and return to the United States. (***Id.***). The petition concedes

that he "does not currently hold lawful immigration status." (***Id.*** at p. 5).

On March 23, 2026, ICE arrested Petitioner and detained him without bond under 8 U.S.C.

§ 1225(b)(2)(A). (**Doc. 2**, pp. 2-3). On March 31, 2026, DHS gave him a notice to appear, which

identified him as an "arriving alien." (**Doc. 2-3**, p. 2). DHS charged him as removable under 8

U.S.C. § 1182(a)(7)(A)(i)(I). (***Id.*** at pp. 2, 5). Petitioner had multiple hearings before an

immigration judge. (**Doc. 2**, p. 3). He requested a bond hearing. (***Id.***). The immigration judge

denied the request, finding that as an "arriving alien," Petitioner was ineligible for bond. (*Id.*). He remains detained pending his removal proceedings. (*Id.*).

On May 1, 2026, Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). Among other things, he seeks immediate release from detention. (*Id.* at p. 12). Petitioner argues that his continued immigration-related detention violates procedural due process under the Fifth Amendment. (*Id.* at pp. 7-9). He cites to the 3-factor test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

"In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." ***Demore v. Kim***, 538 U.S. 510, 521 (2003), *quoting **Mathews v. Diaz***, 426 U.S. 67, 79–80 (1976). Under 8 U.S.C. § 1225(b)(2)(A), "an applicant for admission must be detained 'if the examining immigration officer determines that an alien seeking admission is not clearly . . . entitled to be admitted.'" ***Avila v. Bondi***, 170 F.4th 1128, 1135 (8th Cir. 2026), *quoting* **8 U.S.C. § 1225(b)(2)(A)**.

In *Demore*, the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See **Demore***, 538 U.S. at 531. In *Baynee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit rejected the application of the *Mathews v. Eldridge* "multi-factor 'reasonableness' test" to a detained alien under 8 U.S.C. § 1226(c). *See **Baynee***, 115 F.4th at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.*, *quoting **Demore***, 538 U.S. at 527. The Eighth Circuit reasoned that *Zadvydas* and *Demore* "have already done whatever balancing is necessary." *Id.* "[D]etention does not violate due process when 'deportation is still on the table' because 'what matters is that detention pending deportation ha[s] a definite termination point." ***Romero v. Brown***, 2026 WL 1021455, at *5 (S.D. Iowa Apr. 15, 2026), *quoting **Baynee***, 115 F.4th at 932-33.

Here, Petitioner is being detained pending removal proceedings. He does not claim that his detention is based on any other reason. Petitioner does not cite any controlling authority that procedural due process requires his immediate release. So long as the removal proceedings are pending, procedural due process is satisfied. *See **Baynee***, 115 F.4th at 932 (noting the Supreme Court has upheld detention without bond pending removal "simply by reference to the legislative scheme"). *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). Petitioner is not entitled to a writ of habeas corpus. ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").

**Conclusion**

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2026.

4